**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MARVEL DANIEL,

    Petitioner,                                    Civil No. 2:07-CV-12058
                                                    HONORABLE ARTHUR J. TARNOW
v.                                                  UNITED STATES DISTRICT JUDGE

CARMEN PALMER,

    Respondent.
_____/

**OPINION AND ORDER GRANTING AN EVIDENTIARY HEARING ON A PORTION OF PETITIONER'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS AND APPOINTING COUNSEL FOR PETITIONER**

Marvel Daniel, ("petitioner"), presently confined at the Michigan Reformatory in Ionia, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] In his *pro se* application, petitioner challenges his conviction for second-degree murder, M.C.L.A. 750.317.

For the reasons stated below, the Court will **GRANT** an evidentiary hearing with respect to petitioner's first claim, which alleges that counsel was ineffective for failing to call additional alibi witnesses on his behalf at his trial. The Court will further order an evidentiary hearing on petitioner's second claim that counsel was ineffective for failing to move to disqualify the trial court judge from presiding over his bench trial, because

---

    [1] When petitioner originally filed his petition for writ of habeas corpus, he was incarcerated at the Oaks Correctional Facility, but has since been transferred to the Michigan Reformatory. The only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner would be the warden of the facility where the petitioner is incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 foll. U.S.C. § 2254. Therefore, the Court substitutes Warden Carmen Palmer in the caption.

1

the judge was aware that petitioner had already been convicted of another murder by a jury before the same judge. The Court further orders that counsel shall be appointed to represent petitioner at this evidentiary hearing. The Court further orders that counsel shall submit a supplemental brief in support of these ineffective assistance of counsel claims within sixty days of this order.

## I.  Background

Petitioner was originally charged with first-degree felony murder and first-degree premeditated murder. Following a bench trial in the Wayne County Circuit court, petitioner was convicted of the lesser included offense of second-degree murder. This Court recites verbatim the relevant facts regarding petitioner's conviction from the Michigan Court of Appeals' opinion affirming his conviction, which are presumed correct on habeas review:

> Derrick Mitchell was shot and killed on July 12, 2003, at approximately 9:30 p.m., while in his automobile on Novara Street in Detroit. Mitchell, a known drug dealer, was shot by an unknown assailant, who was observed exiting from the passenger side of defendant's gray conversion van during the incident. After shooting Mitchell, defendant's passenger removed a gray case or object out of Mitchell's car. There was testimony that it was common knowledge in the neighborhood that Mitchell hid his drugs in stereo equipment in his car. One witness testified that defendant was driving his van at the time of the shooting. Two other witnesses also testified that defendant was driving his van at the time of the shooting, but they equivocated on this point at trial, stating that they assumed defendant was driving because they recognized the van as belonging to him. One of the prosecution's witnesses, Darius Scott, testified that, shortly after the shooting, defendant contacted him by telephone and simply stated, "yep, yep, yep, yep." Before that time, Scott and defendant had discussed the shooting death of another drug dealer, Shawn, who sold drugs with defendant out of a house on Novara Street. Scott testified that he believed Mitchell was involved in Shawn's shooting. Defendant was arrested five months after the shooting.

2

*Daniel v. Palmer,* 07-12058-DT

Defendant offered an alibi defense. His girlfriend testified that he was at her home from 2:00 p.m. until approximately midnight on the date Mitchell was shot. During this timeframe, she had the keys to defendant's gray conversion van, and the van remained parked nearby. She testified that defendant's van could not have been near Novara Street at the time of the shooting.

*People v. Daniel,* No. 257658, * 1 (Mich.Ct.App. December 15, 2005).

Following petitioner's conviction, a *Ginther* hearing was conducted on petitioner's ineffective assistance of counsel claims on April 25, 2005. [2] After hearing testimony and arguments from appellate counsel, the trial court denied petitioner's motion for a new trial.

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 476 Mich. 858; 718 N.W. 2d 337 (2006). Petitioner now seeks habeas relief on the following grounds:

I. Petitioner was denied his state and federal constitutional rights to effective assistance of counsel by his attorney's failure to investigate, present a defense, call witnesses and make objections.

II. Petitioner was denied his state and federal constitutional rights by defense counsel's failure to move for disqualification of the trial court where that court knew that petitioner had another pending murder charge.

III. Petitioner was denied his state and federal constitutional rights by the improper closing argument where the prosecutor argued facts not in evidence and vouched for the credibility of his witnesses and defense counsel failed to object.

IV. Petitioner's state and federal constitutional rights were violated when defense counsel failed to object to the scoring of Prior Record Variable 6 and Offense Variables 5 and 6 of the sentencing guidelines, which were incorrectly scored, and where the trial court used Petitioner's sentence to send a message to the community.

---

[2] *People v. Ginther,* 390 Mich. 436; 212 N.W. 2d 922 (1973).

3

*Daniel v. Palmer,* 07-12058-DT

## II. Discussion

**The Court will grant an evidentiary hearing on two of the ineffective assistance of counsel claims raised by petitioner.**

The Court will grant petitioner an evidentiary hearing on petitioner's allegation that counsel was ineffective for failing to call additional alibi witnesses on his behalf, as well as his claim that counsel was ineffective for failing to move to disqualify the trial court judge from presiding over his bench trial, because the judge was aware that petitioner had already been convicted of another murder by a jury before the same judge.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.* In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id.* To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

A federal court must grant an evidentiary hearing to a habeas corpus applicant if:

(1) the merits of the factual dispute were not resolved in a state hearing;
(2) the state factual determination is not fairly supported by the record as a whole;
(3) the fact finding procedure in state court was not adequate to afford a full and fair hearing;
(4) there is a substantial allegation of newly discovered evidence;
(5) material facts were not adequately developed at a state court hearing; or
(6) for any reason it appears that state trier of fact did not afford applicant a full and fair fact hearing.

*Townsend v. Sain*, 372 U.S. 293, 313 (1963); 28 U.S.C.A. § 2243.

One of the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA) states that if an applicant for a writ of habeas corpus has failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that:

(A) the claim relies on:

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C.§ 2254 (e)(2).

Under the opening clause of § 2254 (e)(2), a failure to develop the factual basis of a claim by a habeas petitioner is not established unless there is a lack of diligence, or some greater fault, attributable to the prisoner or prisoner's counsel. *Williams v. Taylor*, 529 U.S. 420, 432 (2000). Diligence for purposes of the opening clause of this

*Daniel v. Palmer,* 07-12058-DT

subsection of the AEDPA depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court; it does not depend upon whether those efforts would have been successful. *Id.* at 435. Diligence will require that the petitioner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law. *Id.*

The Court finds that petitioner is entitled to an evidentiary hearing on his claim that counsel was ineffective for failing to call additional alibi witnesses on his behalf. Petitioner is further entitled to an evidentiary hearing on his claim that counsel was ineffective for failing to move to disqualify the trial court judge from presiding over his bench trial, because the judge was aware that petitioner had already been convicted of another murder by a jury before the same judge. Petitioner's claims, if true, would entitle him to habeas relief. The Court further finds that petitioner exercised due diligence in presenting these claims in the Michigan courts. Finally, even though the state trial court conducted an evidentiary hearing on petitioner's ineffective assistance of counsel claims, this Court must nonetheless conduct its own evidentiary hearing to resolve the factual and legal issues raised by petitioner with respect to these claims. *See e.g. French v. Jones,* 225 F.3d 658 (Table); No. 2000 WL 1033021 (6th Cir. July 18, 2000).

Because this Court is ordering an evidentiary hearing, counsel will be appointed for Petitioner pursuant to 18 U.S.C. § 3006A(a)(2)(B) and 28 U.S.C. § 2254 Rule 8(c). Appointment of counsel in a habeas proceeding is mandatory if the district court determines that an evidentiary hearing is required. *See Lemeshko v. Wrona,* 325 F. Supp, 2d 778, 787 (E.D. Mich. 2004).

subsection of the AEDPA depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court; it does not depend upon whether those efforts would have been successful. *Id.* at 435. Diligence will require that the petitioner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law. *Id.*

The Court finds that petitioner is entitled to an evidentiary hearing on his claim that counsel was ineffective for failing to call additional alibi witnesses on his behalf. Petitioner is further entitled to an evidentiary hearing on his claim that counsel was ineffective for failing to move to disqualify the trial court judge from presiding over his bench trial, because the judge was aware that petitioner had already been convicted of another murder by a jury before the same judge. Petitioner's claims, if true, would entitle him to habeas relief. The Court further finds that petitioner exercised due diligence in presenting these claims in the Michigan courts. Finally, even though the state trial court conducted an evidentiary hearing on petitioner's ineffective assistance of counsel claims, this Court must nonetheless conduct its own evidentiary hearing to resolve the factual and legal issues raised by petitioner with respect to these claims. *See e.g. French v. Jones,* 225 F.3d 658 (Table); No. 2000 WL 1033021 (6th Cir. July 18, 2000).

Because this Court is ordering an evidentiary hearing, counsel will be appointed for Petitioner pursuant to 18 U.S.C. § 3006A(a)(2)(B) and 28 U.S.C. § 2254 Rule 8(c). Appointment of counsel in a habeas proceeding is mandatory if the district court determines that an evidentiary hearing is required. *See Lemeshko v. Wrona,* 325 F. Supp, 2d 778, 787 (E.D. Mich. 2004).

*Daniel v. Palmer,* 07-12058-DT

The Court will also order petitioner's counsel to file a supplemental brief on these two allegations of ineffective assistance of counsel within sixty days of this order.

### III.  ORDER

Based upon the foregoing, IT IS HEREBY ORDERED that an evidentiary hearing in this case with respect to the two ineffective assistance of counsel claims mentioned above.

IT IS FURTHER ORDERED that counsel shall be appointed to represent petitioner.

IT IS FURTHER ORDERED that counsel shall file a supplemental brief in support of these two ineffective assistance of counsel claims within sixty days of this order.

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  November 4, 2008

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on November 4, 2008, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary